UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASMINE GUY JORDAN,

    Plaintiff,

v.        Case No. 11-10153

CITY OF DETROIT, et al.,

    Defendants.

                                         /

**MEMORANDUM IN PREPARATION FOR ORAL ARGUMENT**

      On May 31, 2011, Defendant Wayne County filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that Plaintiff Jasmine Guy Jordan's claims are barred by the applicable statute of limitations. On June 14, 2011, Defendant City of Detroit filed a motion joining in the motion to dismiss filed by Wayne County. Plaintiff responded on July 9, 2011. The court will hear oral argument on August 3, 2011, at 2:00 p.m. Having reviewed the parties' briefs, the court finds that an issue of particular concern is not adequately addressed. In the interests of judicial economy and clarity of argumentation, therefore, the court encourages the parties to prepare to address the question of when Plaintiff's claim accrued.

      Because there is no specific limitations period under 42 U.S.C. §§ 1983 or 1985, "federal courts apply the state personal injury statute of limitations." *Moore v. Potter*, 47 F. App'x 318, 320 (6th Cir. 2002). In Michigan, the appropriate limitations period for these actions is therefore three years. Mich. Comp. Laws § 600.5805(10) (2011). Claims under § 1986 must be brought within one year of accruing, as limited by

Congress in that section itself. 42 U.S.C. § 1986. For purposes of federal civil rights actions, federal courts also borrow the state's tolling rules. *Hardin v. Straub*, 490 U.S. 536, 543-44 (1989). As a result, a minor in Michigan may bring a claim under § 1983 within one year of their eighteenth birthday despite the limitations period having already run. Mich. Comp. Laws. § 600.5851(1) (2011). Even though the limitation period is governed by state law, "the question of when a federal civil rights claim accrues remains one of federal law." *Bowden v. City of Franklin*, 13 F. App'x 266, 272 (6th Cir. 2001). Generally, a civil rights claim "accrues when the plaintiff knows or had reason to know of the injury that is the basis of his action." *Id.* at 273. Because favorable termination of the prior criminal proceeding is a required element of that claim, malicious prosecution claims accrue upon termination of the state criminal proceeding. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). It remains unclear from the complaint and Plaintiff's response whether Plaintiff asserts a claim pursuant to § 1983 for malicious prosecution. Accordingly, the court encourages the parties to address this issue during the hearing of August 3, 2011.

  s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: July 27, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 27, 2011, by electronic and/or ordinary mail.

  s/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522