**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JASMINE GUY JORDAN,

    Plaintiff,

v.                                                                 Case No. 11-10153

DETROIT, CITY OF, et al.,

    Defendants.
                                                       /

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTIONS TO DISMISS**

Plaintiff initiated this action on January 20, 2011, under 42 U.S.C. §§ 1983, 1985, and 1986 alleging violations of his Fourth and Fourteenth Amendment rights. On May 31, 2011, Defendant Wayne County brought the instant motion under Federal Rules of Civil Procedure 12(b)(6) and 12(c), asserting that Plaintiff's claims are barred by the statute of limitations. Plaintiff responded on July 9, 2011. Defendant City of Detroit joined this motion on June 14, 2011, and Plaintiff untimely responded on July 26, 2011. Having reviewed the briefs, the court concludes a hearing on the motion is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will grant in part and deny in part Defendants' motions.[1]

---

[1] Two additional Defendants have not yet been identified or served in conjunction with this action.

## I. BACKGROUND[2]

On October 30, 2007, Defendant police officers arrested Plaintiff, a seventeen year-old African-American male, in the City of Detroit. The arrest was part of an investigation into the armed robbery and murder of a man in front of his own apartment building. Plaintiff was transported to the scene of the murder, where the victim's fiancé identified him as the shooter. Upon this identification, Plaintiff was charged with murder and subsequently incarcerated in the adult section of the Wayne County Jail pending trial. He remained incarcerated there until February 25, 2008, when all charges against Plaintiff were dismissed after forensic tests and other exculpatory evidence established his innocence.

## II. STANDARD

When ruling on a motion to dismiss pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must construe the complaint in a light most favorable to the plaintiff and accept all the factual allegations as true. *Evans-Marshall v. Bd. of Educ.,* 428 F.3d 223, 228 (6th Cir. 2005); *Rossborough Mfg. Co. v. Trimble,* 301 F.3d 482, 489 (6th Cir. 2002). "[T]he court must draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir. 2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).

The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Though decidedly

---

[2] For purposes of this motion, the court accepts all facts alleged and recounts the facts in a light most favorable to Plaintiff.

generous, this standard of review does require more than the bare assertion of legal conclusions.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true.

*Id.* at 555 (citing Fed. R. Civ. P. 8(a)). Further, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) *abrogated on other grounds by Twombly*, 550 U.S. 544. In application, a "complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (citation omitted). Therefore, "to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient to raise a right to relief above the speculative level and to state a claim to relief that is plausible on its face." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (citations and internal quotation omitted). A court cannot, however, grant a motion to dismiss under Rule 12(b)(6) based upon its disbelief of a complaint's factual allegations. *Twombly*, 550 U.S. at 556.

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001) (emphasis omitted) (quoting *Nieman v. NLO, Inc.,* 108 F.3d 1546, 1554 (6th Cir. 1997)). An action may be properly dismissed pursuant to Rule 12(b)(6) based on a statute-of-

limitations defense. *See Rauch v. Day & Night Mfg. Corp.,* 576 F.2d 697 (6th Cir. 1978).

In assessing a motion to dismiss under Rule 12(c), the courts employ the same standards used in analyzing a Rule 12(b)(6) motion. *See In Re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993).

### III.  DISCUSSION

### A. Counts I and II

Defendants assert that the factual allegations demonstrate conclusively that Plaintiff's claims are barred by the applicable statute of limitations. Because there is no specific limitations period provided within 42 U.S.C. §§ 1983 or 1985, "federal courts apply the state personal injury statute of limitations." *Moore v. Potter*, 47 F. App'x 318, 320 (6th Cir. 2002). In Michigan, the appropriate limitations period for these actions is therefore three years. *See* Mich. Comp. Law § 600.5805(10); *McCune v. City of Grand Rapids*, 842 F.2d 903, 906 (6th Cir. 1988). Under Defendants' analysis, Plaintiff's claim accrued when he was arrested on October 30, 2007, and as a result his claims became time-barred on October 31, 2010.

Even though it is well settled that the limitation period is governed by state law, "the question of when a federal civil rights claim accrues remains one of federal law." *Bowden v. City of Franklin*, *Ky.*, 13 F. App'x 266, 272 (6th Cir. 2001). Defendants correctly state that a civil rights claim generally "accrues when the plaintiff knows or had reason to know of the injury that is the basis of his action." *Id.* at 273. However, malicious prosecution claims accrue upon termination of the state criminal proceeding because favorable termination of that proceeding is a required element of the claim.

4

*Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994). Plaintiff's malicious prosecution claim thus accrued in February 2008. His claim for damages arising from the alleged malicious prosecution is therefore timely, as this action commenced in January 2011.

Any § 1983 claims for Plaintiff's alleged false arrest or false imprisonment are barred by the statute of limitations. Those causes of action accrued at the time Plaintiff was arraigned or otherwise held pursuant to legal process. *Wallace v. Kato*, 549 U.S. 384, 389-90 (2007); *Heck*, 512 U.S. at 484. The complaint and briefs are silent on the exact date on which Plaintiff became held pursuant to such process. Therefore, the court does not assume that this occurred after January 20, 2008—nearly three months subsequent to his arrest. Once held subject to legal process, damages related to his detention would be subsumed into the claim of malicious prosecution. *See Wallace*, 549 U.S. at 390.

Plaintiff argues his status as a minor at the time of his arrest, incarceration, and prosecution tolled the statute of limitations on his claims until he reached the age of majority, thus making an action brought within three years of his eighteenth birthday timely. For this proposition, Plaintiff relies on *Wallace*, in which the Court recognized the proper limitations period in Illinois for § 1983 claims was two years, *id.* at 387, and because of plaintiff's minor status he had two years after his eighteenth birthday in which to bring such an action, *id.* at 392.

However, *Wallace* is properly read as simply endorsing the proposition that the relevant state's tolling provisions be adopted. It is well established that federal courts borrow the tolling rules of state tort actions for purposes of federal civil rights actions. *Hardin v. Straub*, 490 U.S. 536, 543-44 (1989). The Court in *Wallace* applied a two

5

year statute of limitations because that was the period provided by the Illinois tolling statute, not because that was the original statutory period. *See* 549 U.S. at 387-88 (citing 735 Ill. Comp. Stat. 5/13-211). Michigan's disability tolling provisions granted Plaintiff an additional year after his eighteenth birthday in which to bring claims that accrued while he was a minor and for which the limitations period had already run. *See* Mich. Comp. Laws § 600.5851(1). This extended the time to bring such claims to March 8, 2009. Since this action was commenced on January 20, 2011, more than one year after Plaintiff's eighteenth birthday, his disability will provide him no relief in this instance.

Having reviewed the complaint in a light most favorable to Plaintiff, the court finds that any claims for damages related to false arrest or imprisonment are barred by the statute of limitations. Plaintiff may maintain a claim under § 1983 solely for damages related to his alleged malicious prosecution.

## B. Count III

Defendants also assert Plaintiff's § 1986 claims are barred by Michigan's three-year statute of limitations. However, Congress included a limitations period within the text of § 1986. 42 U.S.C. § 1986 ("But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."). Since Congress has provided a limitations period within the statute itself, neither Michigan's statute of limitations nor disability tolling provision apply. *See Johnson v. Ry. Exp. Agency, Inc.*, 489 F.2d 525, 530 (6th Cir. 1974) ("The state statute of limitations and its savings clause are never reached in this case because the federal

6

statute is not silent."). Plaintiff's claims under § 1986 are, therefore, time-barred since they accrued more than one year prior to commencement of this action.

## IV. CONCLUSION

IT IS ORDERED that Defendants' motions to dismiss [Dkt. # 17 & 19] are GRANTED IN PART and DENIED IN PART. They are denied with respect to Plaintiff's claim for malicious prosecution, and granted with respect to all other claims.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: July 29, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 29, 2011, by electronic and/or ordinary mail.

        s/Lisa G. Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522