**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JASMINE GUY JORDAN,

      Plaintiff,

v.                                                    Case No. 11-10153

CITY OF DETROIT, et al.,

      Defendants.

                                                             /

**ORDER GRANTING PLAINTIFF'S "MOTION FOR LEAVE TO FILE FIRST AMENDED
COMPLAINT" AND DENYING AS MOOT DEFENDANTS' MOTIONS TO DISMISS**

      On August 10, 2011, Plaintiff Jasmine Guy Jordan moved to amend his complaint to substitute named parties for John Doe Defendants and to clarify the factual basis of his claims. On August 11, 2011, the court conducted a scheduling conference with counsel for all parties, during which it was determined that the motion will be granted in the interest of justice. Nevertheless, Defendant Wayne County filed a response in opposition to Plaintiff's motion and simultaneously filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12 on August 17, 2011.[1] On August 22, 2011, Defendant City of Detroit filed a motion concurring in Wayne County's response and motion to dismiss. For the reasons stated below, the court will grant Plaintiff's motion for leave to amend and deny as moot Defendants' motions to dismiss. The court, however, will allow Defendants to file fully-briefed motions to dismiss after Plaintiff files an amended complaint.

---

      [1] The court will interpret Defendants' motions to dismiss as motions directed at Plaintiff's original complaint, not Plaintiff's proposed amended complaint. Despite references to the proposed amended complaint in the motions to dismiss, a complaint that has not yet been filed cannot logically be attacked by a motion to dismiss.

As a general matter, amendments to pleadings are governed by Federal Rule of Civil Procedure 15. As amended in 2009, Rule 15 allows a plaintiff to amend a complaint "once as a matter of course" within twenty-one days of a defendant's answer or motion under Rule 12. Fed. R. Civ. P. 15(a)(1)(B). Where the time to amend pleadings as a matter of course has expired, a party may nonetheless amend its pleadings by leave of the court, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The courts have long recognized a policy favoring trying cases on the merits and liberally granting leave to amend when doing so does not prejudice an opposing party. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating leave should be freely given, absent factors "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment"); *Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419, 425 (6th Cir. 1999); *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982).

Defendants argue that Plaintiff's malicious prosecution claim is futile because the state trial judge in the underlying criminal prosecution made a determination of probable cause during a preliminary examination. (Wayne County's Resp. 7.) In support of this position, Defendant Wayne County directs the court to *Holtz v. City of Sterling Heights*, 465 F.Supp. 2d 758 (E.D. Mich. 2006), for the proposition that a finding of probable cause in a criminal prosecution estops a Plaintiff from pursuing a malicious prosecution claim under § 1983. However, the Sixth Circuit has held that "a finding of probable cause in a prior criminal proceeding does not bar a plaintiff in a subsequent civil action from maintaining a claim for malicious prosecution . . . where the claim is based on a

2

police officer's supplying false information to establish probable cause." *Hinchman v. Moore*, 312 F.3d 198, 202-03 (6th Cir. 2002) (citing *Darrah v. City of Oak Park*, 255 F.3d 301, 311 (6th Cir. 2001)).

In the amended complaint, Plaintiff generally alleges that the "probable cause [determination] was based on unduly suggestive show-up identification techniques; and upon material misrepresentations and omissions contained in the warrant issued for Plaintiff's arrest," (Proposed Am. Compl. ¶ 43.), and Plaintiff characterizes the core issue of his malicious prosecution claim as "whether law enforcement or prosecutors supplied false or misleading information or misstated the facts to establish probable cause." (Reply 4.) The allegations of misrepresentations and omissions in the amended complaint lack substantial supporting facts, but the court concludes that, in light of the overriding principle of freely granting leave to amend in order to try cases on their merits, Plaintiff's claim is not necessarily futile. Plaintiff's amended complaint could conceivably allege facts to support the general allegations of misrepresentations and omissions that led to the finding of probable cause.

Further, no other *Foman* factor weighs in favor of denying Plaintiff's motion. There is no indication of "delay, bad faith, or dilatory motive." *Foman*, 371 U.S. at 182. Although preliminary motion practice has resulted in the dismissal of some claims originally brought by Plaintiff, the schedule for discovery was not yet even in place prior to the motion to amend. Nor would Defendants be prejudiced by the proposed amendment at this point.

Permitting amendment of the complaint may also facilitate a sharpening of the issues presented, and will allow the Defendants to fully analyze and address each of

Plaintiff's amended allegations.  Defendants' responses to Plaintiff's motion, on the whole, fall short of substantive legal analysis of Plaintiff's claims.  For example, Plaintiff asserts a vague § 1983 claim against Defendant City of Detroit founded on an alleged violation of a settlement order issued in *United States v. City of Detroit*, Case No. 03-72258.  (Proposed Am. Compl. ¶ 46.)  Yet the City of Detroit failed to even address the claim, and the entirety of its response brief is a single string citation with each cited-authority stating the same proposition.  (*See* City of Detroit's Resp. 2-3.)  By granting Plaintiff leave to amend his complaint, the court is hopeful that Plaintiff will coherently and concisely state its claims against Defendants.[2]  Defendants, if necessary, will then file fully-briefed motions to dismiss that include substantive legal analysis, and not mere string citations supporting unremarkable propositions.

Having determined that Plaintiff's motion for leave to amend will be granted, Defendants' motions to dismiss the malicious prosecution claims asserted in the original complaint are moot.  After Plaintiff files an amended complaint, Defendants will be allowed to file motions to dismiss that address each claim asserted in Plaintiff's amended complaint that Defendants believe are subject to dismissal under Federal Rule of Civil Procedure 12.  Accordingly,

IT IS ORDERED that Plaintiff's "Motion for Leave to File First Amended Complaint" [Dkt. # 27] is GRANTED.  Plaintiff is directed to file an amended complaint within seven days of issuance of this order.

---

[2] Plaintiff should specifically endeavor to clarify its malicious prosecution claim against Wayne County set forth in count III of the proposed amended complaint.  The purported malicious prosecution claim focuses almost exclusively on Wayne County's failure to protect Plaintiff while he was in the custody of the county, a topic that does not seem logically related to a malicious prosecution claim.

4

IT IS FURTHER ORDERED that Defendant Wayne County's "Second Motion to Dismiss" [Dkt. # 30] and Defendant City of Detroit's "Second Motion to Dismiss" [Dkt. # 32] are DENIED AS MOOT.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: September 21, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 21, 2011, by electronic and/or ordinary mail.

      s/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\11-10153.JORDAN.Grant.Leave.Amend.jrc.2.wpd

5