UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASMINE GUY JORDAN,

    Plaintiff,

v.                                                     Case No. 11-10153

CITY OF DETROIT, et al.,

    Defendants.
                                                    /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT WAYNE COUNTY ON COUNT IV AND IN FAVOR OF DEFENDANTS JOHN DOE I AND II ON COUNT I**

On June 29, 2012, the court entered an order granting Defendant Wayne County's motion for summary judgment on Counts I and III and directed Plaintiff Jasmine Jordan to show cause by July 16, 2012, why summary judgment should not be granted in favor of Defendant Wayne County on Count IV and in favor of the John Doe Defendants on Count I. Because Plaintiff did not file a response to the court's order to show cause, the court will grant summary judgment on the relevant Counts for the reasons fully stated in the June 29, 2012 order. On July 13, 2012, Plaintiff did, however, file a motion for reconsideration asserting that the court erred in granting Defendant Wayne County summary judgment on Count III. After careful review, the court finds that neither a response nor a hearing is necessary. *See* E.D. Mich. 7.1(h)(2). The motion will be denied.

    Eastern District of Michigan Local Rule 7.1 provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable

defect by which the court and the parties have been misled," and (2) "show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). A motion for reconsideration that presents "the same issues ruled upon by the court, either expressly or by reasonable implication," will not be granted. E.D. Mich. LR 7.1(h)(3); *Savage v. United States*, 102 F. App'x 20, 23 (6th Cir. 2004).

Plaintiff's motion is simply a rehashing of two arguments he vigorously maintained during oral argument and which the court addressed and ultimately rejected in the June 29, 2012 order. Neither argument reveals a palpable defect in the court's order granting summary judgment.

First, Plaintiff argues that the court erred by granting summary judgment when Defendant Wayne County allegedly withheld the name of the classification officer responsible for making his housing classification while he was incarcerated at the Wayne County Jail. Plaintiff, citing *Clay v. UPS, Inc.*, 501 F.3d 695 (6th Cir. 2007), maintains that such a refusal to produce discovery requires the court to draw an adverse inference against the offending party. (*See* Pl.'s Mot. Reconsideration 4, Dkt. # 76.) The discovery issues in this case, however, are qualitatively different than the defendant's failure in *Clay* to turn over evidence that was in the defendant's possession. In January 2012, more than two months before the end of discovery, Defendant Wayne County responded to Plaintiff's interrogatory requesting the "name, job title and business address of all persons involved in Plaintiff's housing decision," as follows:

2

> Sergeant Eric Troszak was the Supervisor of the Classification Unit at the time Plaintiff was in the Wayne County Jail under book # 2007-38848. Deputy Sylvester Foot printed LEIN printouts on November 7, 2007, as part of the classification process. After reasonable inquiry and a search of records and files in Wayne County's possession, custody and control, the identity of persons responsible or involved in making housing decisions regarding Plaintiffs 2009 period of incarceration have not been identified.

(Def. Wayne Cnty.'s Response to Plaintiff's Request to Admit and Related Discovery Requests Mailed Dec. 20, 2011 7-8, Dkt. # 59-33.) On March 13, 2012, after Plaintiff's counsel had unilaterally cancelled numerous properly noticed depositions for his client and then accused Defendant Wayne County of withholding discovery, counsel for Wayne County sent a letter to Plaintiff's counsel addressing the alleged withholding of discovery, stating, in relevant part:

> Regarding the "decision" to house Plaintiff in the Jail, Wayne County's response identified Eric Troszak and Sylvester Foote as persons involved in the inmate classification process. Then, and now, after reasonable inquiry, the name of the person(s) that actually made the decision as to which ward Plaintiff would be housed is unknown. Information gleaned during Plaintiff's deposition would have been helpful on that subject. Because Plaintiff has refused to be deposed, Wayne County is no closer now that [sic] it was before to identifying that individual who made the housing decision.

(Letter from Karie Boylan to D. Rick Marin and Jerry Ashford (Mar. 13, 2012, Dkt. # 59-40 at 4.) Thus, contrary to Plaintiff's claims, Defendant Wayne County did not purposely withhold the identity of the classification officer or refuse to respond to his discovery requests. Instead, the record shows that Wayne County informed Plaintiff well before the close of discovery that after reasonable inquiry it could not identify the specific officer that made the decision to house Plaintiff in the adult population. It nevertheless provided Plaintiff with the identity of two officers who were involved in the classification process at the jail during the time of Plaintiff's detention. Plaintiff

3

apparently made no effort to depose these two officers, nor did he ever appear for the properly noticed depositions. Based on these facts, an adverse inference should not be drawn against Defendant Wayne County.

And even if the court were to make such an inference, summary judgment on Count III would nevertheless be appropriate. Summary judgment was not granted solely because Plaintiff failed to show Defendant Wayne County had a policy or custom that was the moving force behind any alleged deprivation of Plaintiff's constitutional rights. As the court clearly held in its June 29, 2012 order, Plaintiff's deliberate indifference claim fell at the first step of the *Farmer* inquiry. In order to prevail on his claim, Plaintiff had to show that he suffered objectively serious mistreatment while being incarcerated at the Wayne County Jail. Although the Complaint alleged that Plaintiff suffered threats from other inmates and was physically attacked on at least two occasions, Plaintiff proffered no evidence—not even his own affidavit—that the alleged events actually occurred and that they were objectively serious. The court therefore concluded that "[t]he lack of any evidence substantiating Plaintiff's claims of physical violence and intimidating threats while detained at the jail leads to only one conclusion: the claim is without merit." (6/29/2012 Order 19.) In addition to merely presenting an argument already addressed by the court, Plaintiff has failed to establish that the court's grant of summary judgment in the absence of the identity of the classification officer constitutes a palable defect that would alter the outcome of the court's order.

Plaintiff next argues that, as the moving party, Defendant Wayne County did not satisfy its initial burden of showing that there was no genuine issue of material fact that

4

they were entitled to judgment as a matter of law. The court squarely addressed this argument in its June 29, 2012 order, holding as follows:

> Defendant Wayne County has satisfied its burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Horton* [*v.Potter*, 369 F.3d 906, 909 (6th Cir. 2004)] (citing *Celotex* [*Corp. v. Catrett*, 477 U.S. 317, 325 (1986)]). The court interprets Defendant Wayne county's request for summary judgment on the substantive due process claim as being based on two interrelated arguments. First, housing a seventeen-year-old inmate with adults does not constitute deliberate indifference to an individual's right to personal safety while in the custody of the state because both federal and state law permit such detention. And second, the specific facts of this case, even when construed in a light most favorable to Plaintiff, no not support a finding of deliberate indifference because Plaintiff was awaiting trial on a serious felony charge and could therefore be housed with adult inmates. These arguments satisfy a defendant's initial burden and places squarely in dispute whether a genuine issue of material facts exists related to Plaintiff's claim that Defendant Wayne County and its officials acted with deliberate indifference to his personal safety.

(6/29/2012 Order 18-19.) After repeatedly refusing to appear at duly noticed depositions, Plaintiff's contention that Defendant Wayne County did not carry its initial burden of showing, in detail, that there was an absence of evidence to support Plaintiff's claims rings empty. The factual record was underdeveloped *because* Plaintiff refused to participate in discovery. This failure cannot form a basis for Plaintiff to now argue that summary judgment cannot be entered because the record does not contain facts to support Defendant Wayne County's motion. Accordingly, Plaintiff has not demonstrated that the court's holding is "a defect that is obvious, clear, unmistakable, manifest, or plain." *Cican,* 156 F. Supp. 2d at 668.

For the reasons set forth above, IT IS ORDERED that Plaintiff's motion for reconsideration [Dkt. # 76] is DENIED.

5

IT IS FURTHER ORDERED that summary judgment is GRANTED in favor of Defendant Wayne County on Count IV and in favor of the John Doe Defendants on Count I.

A separate judgment will issue in accordance with this opinion.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: August 20, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 20, 2012, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522