# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JASMINE GUY JORDAN,

    Plaintiff,

v.

                                  Case No. 11-10153

CITY OF DETROIT, et al.,

    Defendants.
                                    /

## ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS

Defendants filed an improvidently timed motion to enforce a settlement agreement thought to have been reached, but agreed in due course that is should be terminated. In reaction to the attempt to settle, Plaintiff presents a motion for sanctions pursuant to 28 U.S.C. § 1927 and the court's inherent power. A hearing on the motion is not necessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons that follow, the court denies the motion.

## I. BACKGROUND

The relevant facts of the underlying case are recorded in earlier orders. (*See, e.g.*, Dkt. # 75.) Only those facts germane to the pending motion will be recited here.

On September 19, 2012, Plaintiff filed, in the Sixth Circuit, a notice of appeal of this court's order granting Defendant's motion for summary judgment and this court's order denying Plaintiff's motion for reconsideration. The Sixth Circuit directed the parties to participate in a mediation conference to explore settlement. The parties disagree as to whether they reached a final settlement. On July 30, 2013, Defendant

Wayne County filed a "motion to enforce settlement" in this court. (Dkt. # 85.) On August 29, 2013, this court conducted a telephonic status conference, during which both counsel agreed that Defendants' motion was improvidently presented, since this court lacked jurisdiction at the time. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (1994) (explaining that district courts lack "inherent power" to enforce settlement agreements under supplemental jurisdiction, even when the court has jurisdiction to hear the underlying case). The motion was terminated the next day.

On September 21, 2013, Plaintiff filed the instant motion for sanctions pursuant to 28 U.S.C. § 1927 and the court's inherent power to sanction.

## II.  STANDARD

### A.  Title 28 U.S.C. § 1927

Courts may award sanctions under 28 U.S.C. § 1927 when an attorney "multiplies the proceedings in any case unreasonably and vexatiously." The Sixth Circuit recognizes the court's ability to sanction an attorney under § 1927 "'despite the absence of any conscious impropriety.'" *Rentz v. Dynasty Apparel Industries, Inc.*, 556 F.3d 389, 396 (6th Cir. 2009) (quoting *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986)).  If an attorney knows or reasonably should know that either the claim he or she is pursuing is frivolous, or his or her litigation tactic will needlessly obstruct the litigation of nonfrivolous claims, sanctions may be warranted absent any finding of bad faith.  *Id.* "However, '[t]here must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.'" *Rentz*, 556 F.3d at 396

2

(alteration in original) (quoting *Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir.1997)). Thus, an attorney may be sanctioned when "he intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." *Bailey v. Papa John's USA, Inc.*, 236 F. App'x 200, 204 (6th Cir. 2007). *Id.* "Under this objective standard, '§ 1927 sanctions require a showing of something less than subjective bad faith, but something more than negligence or incompetence.'" *Id.* (quoting *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006)).

### B. The Court's Inherent Power

In *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), the Supreme Court held that a district court has the "inherent authority" to impose independent sanctions. *Id.* at 43-50. But the "imposition of inherent power sanctions requires a finding of bad faith," *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 517 (6th Cir. 2002), or conduct "tantamount to bad faith," *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980). When invoking its inherent authority, "a court must exercise caution . . . and comply with the mandates of due process." *Dell, Inc. v. Ellis*, No. 07-2082, 2008 WL 4613978, at *2 (6th Cir. June 10, 2008) (citing *Chambers*, 501 U.S. at 50). Nevertheless, a court "should not shrink from exercising [its power] when sanctions are justified by the circumstances." *Stalley v. Methodist Healthcare*, 517 F.3d 911, 920 (6th Cir. 2008).

With regard to attorney fees, the Supreme Court has stated:

> [A] court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. In this regard, if a court finds that fraud has been practiced upon it, or that the very temple of justice

> has been defiled, it may assess attorney's fees against the responsible party as it may when a party shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order.

*Chambers*, 501 U.S. at 45-46 (internal citations and quotations omitted). The Sixth Circuit has held that to award attorney fees to the prevailing party, a court must find that "'(1) the claims advanced were meritless, (2) that counsel knew or should have known this, and (3) that the motive for filing the suit was for an improper purpose such as harassment.'" *Stalley*, 517 F.3d at 920 (quoting *First Bank of Marietta*, 307 F.3d at 512) (enumeration added).

### III. DISCUSSION

Plaintiff's counsel contends that during an April 18, 2013 phone conversation with Wayne County Defense counsel ("Defense counsel") regarding a potential motion to enforce settlement, he alerted Defense counsel to *Kokkonen*. He argues that, despite his admonition that this court lacked jurisdiction to enforce a settlement in light of *Kokkonen*, Defense counsel nonetheless filed a "motion to enforce settlement" on July 30, 2013. (Dkt. # 85.) Defense counsel counters that this conversation never occurred. Defense counsel attaches County Information Technology Telephone Records which reveal that there was no communication between her and Plaintiff's counsel on April 18, 2013. (Pg. ID 1214–16.) In his reply, Plaintiff's counsel says he was mistaken about the date, but that he spoke with Defense counsel about *Kokkonen* on April 8 (telephone records indicate that counsel did communicate on that date).

The court is dubious about Plaintiff's counsel's recollection of the events. First, it does not seem ordinary, under the accepted standard of attempting to work out the

4

substance of a motion before filing it, that a conversation including a caution about the predicates of a motion would have taken place fully four months before the eventual filing. Second, and more importantly, if Plaintiff's counsel had warned Defense counsel about *Kokkonen* in April, then it would seem that he would at least mention such an admonition in his response to Defendants' motion to enforce settlement. Yet in neither the August 8, 2013 response, (Dkt. # 86), nor in two subsequently filed errata sheets, (Dkt. ## 87, 88), did Plaintiff's counsel say anything about a April phone call regarding *Kokkonen*. Finally, Plaintiff's counsel actually filed the response, as just noted, on August 8, yet in his itemization of fees next to "8/12/13" he wrote "[b]egin first draft response to motion to enforce settlement." (Pg. ID 1178.) Plaintiff appears to be at least somewhat confused about the sequence of events in this case.

Defense counsel's filing of a "motion to enforce settlement," may, at worst, constitute "negligence or incompetence," *Rentz*, 556 F.3d at 396 (internal quotations and citations omitted), yet the improvident filing does not meet the necessary threshold for the imposition of sanctions under either 28 U.S.C. § 1927 or the court's inherent power. Defense counsel inherited this case from a former Wayne County attorney, Ms. Boylan, who resigned from her position while her former client's motion for summary judgment was pending before the court. (Pg. ID 1209.) Moreover, Defense counsel's "motion to enforce settlement" primarily cites Michigan, not federal, caselaw. When filing the motion, "[s]he was mistakenly under the assumption that the District Court matter was still pending on the district court docket until the briefs on appeal had been filed" and thus, as she had yet to file an appeal brief, that the district court retained

5

jurisdiction to enforce a settlement. (Pg. ID 1196.) In accordance with this misunderstanding of the relevant law, the day after filing the "motion to enforce settlement," on August 1, 2013, Defense counsel sought an extension of time to file her brief from the Sixth Circuit. (Pg. ID 1174.)[1] In that appellate motion, Defense counsel stated: "On Tuesday, July 30, 2013, counsel for Defendant-Appellee filed a Motion to Enforce Settlement with the underlying trial court, which, if successful, would remove jurisdiction from this appellate Court." (Pg. ID 1181.) Defense counsel provides an entirely adequate explanation of why she improvidently filed the "motion to enforce settlement."

Defense counsel's conduct does not meet the "objective" standard of 28 U.S.C. § 1927 under which the court may impose sanctions: "a showing of something less than subjective bad faith, but something more than negligence or incompetence." *Rentz*, 556 F.3d at 396 (internal quotations and citations omitted); *see also Smith v. ABN AMRO Mortgage Grp. Inc.*, 434 F. App'x 454, 469 (6th Cir. 2011) ("Although . . . counsel's well-intentioned zeal in representing her clients may have affected her judgment at times during this litigation, we believe that the challenged conduct during this appeal is not sufficiently unreasonable and vexatious to justify sanctions under § 1927") (internal quotations, citations, and brackets omitted). As such, Defense counsel's conduct also does not meet the higher standard, which requires bad

---

[1] Plaintiff's counsel emphasizes that he responded on August 1, 2013 by citing *Kokkonen* and arguing that Defense counsel's filing of a "motion to enforce settlement" in this court was inappropriate. Regardless, Plaintiff's counsel filed this response after Defense counsel filed the motion. The court also observes that Plaintiff's counsel does not mention the alleged April 18 phone call.

faith, necessary to impose sanctions under the court's inherent power. *See First Bank of Marietta,* 307 F.3d at 517.

## IV. CONCLUSION

When "well intentioned zeal," as exhibited by defendants' counsel herein, is met by such a fulsomely aggressive counter-attack, the resulting point-counterpoint seems often to produce more heat than light. But, as explained above, in the light of the actual record, this motion [Dkt. # 91] should be, and the same is, DENIED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: December 13, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 13, 2013, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522